Larry MITCHELL *v.* STATE of Arkansas

CR 86-99                                           717 S.W.2d 195

Supreme Court of Arkansas
Opinion delivered October 6, 1986

*Everett & Whitlock*, by: *John C. Everett*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y

Gen., for appellee.

DARRELL HICKMAN, Justice. Larry Mitchell, a charter pilot from Hopkinsville, Kentucky, had an ongoing dispute with another charter pilot, Billy Allen. On the morning of August 28, 1984, Mitchell and Allen flew into the Bentonville airport in their respective airplanes carrying passengers to a meeting at the Wal-Mart offices. Mitchell arrived first and was standing by his airplane when Allen landed. After Allen saw Mitchell, he left his plane and approached Mitchell. Mitchell shot Allen in the upper abdominal area at close range with a .38 pistol. A misfire occurred, apparently from faulty ammunition, and the bullet penetrated only one centimeter. At the hospital an x-ray revealed a density which appeared to be a bullet. Surgery disclosed the matter was a calcified lymph node. The spent bullet was found on the tarmac at the airport. Mitchell was charged with attempted battery in the first degree. He was convicted and sentenced to three years imprisonment and fined $10,000.

Mitchell argues on appeal there is no such crime as attempted battery, and he should have been charged with aggravated assault instead. Mitchell's argument essentially attacks the provision in the criminal code which defines the crime of attempt. Under the old common law, there was no attempted battery. 2 Torcia, *Wharton's Criminal Law*, § 179 (14th ed. 1981); Perkins, *Perkins on Criminal Law*, (2 ed. 1969). Attempt crimes were designated as assault crimes. *James* v. *State*, 280 Ark. 359, 658 S.W.2d 382 (1983). The new criminal code, which became effective January 1, 1976, changed the common law by providing for the crime of attempt.

Ark. Stat. Ann. § 41-701 (Repl. 1977) provides:

(1)   A person attempts to commit an offense if he:

(a) purposely engages in conduct that would constitute an offense if the attendant circumstances were as he believes them to be; or

(b) purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes

them to be.

(2) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpability otherwise required for the commission of the offense, he purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct is not a substantial step under this section unless it is strongly corroborative of the person's criminal purpose.

■ Essentially, the provision states that a person commits the criminal act of attempt when his conduct constitutes a substantial step intended to result in the commission of an offense. The statute does not exclude any crimes from its application nor does it list any crimes to which it applies. Obviously, the attempt statute was adopted by the legislature to insure that gaps did not exist in the law which would allow some criminal misconduct to be unaccountable to an appropriate charge. We have the question of whether the language of this statute applies to the offense, battery in the first degree. Ark. Stat. Ann. § 41-1601 (Repl. 1977) defines battery in the first degree in pertinent part:

(1) A person commits battery in the first degree if:

(a) with the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon; or ****

(c) he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life.

■ It is not necessary to belabor the facts to conclude that Mitchell intended to kill or seriously injure Allen. Mitchell took a substantial step to carry out his purpose. Only because of the misfire was such a misfortune avoided. We find the evidence in this case supports the charge of attempted battery in the first degree.

Mitchell also argues there can be no attempted battery when

there is a completed battery. He argues that since the injury was not serious, his conduct constituted battery in the third degree because it requires only physical injury. Ark. Stat. Ann. § 41-1603 (Repl. 1977). The fact that the bullet struck Allen would not preclude a charge for attempted first degree battery, because using the plain language of the statute, the conduct fits the crime defined as an attempt to commit serious physical injury to another.

■ One of several possible charges could have been brought in this case. We have held that the fact overlaps may exist under the criminal code is not grounds for dismissal of a charge. In *Coble* v. *State*, 274 Ark. 134, 624 S.W.2d 421 (1981), the capital murder and murder in the first degree statutes were not unconstitutional because the definitions of the offenses overlapped.

■ Mitchell also argues that a pistol is not a deadly weapon, because the faulty ammunition could not have inflicted serious physical injury. This argument, often made in such cases, is meritless because a gun is a deadly weapon. Ark. Stat. Ann. § 41-115(4) (Repl. 1977).

Affirmed.